NO. 12-08-00022-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


KEVIN WAYNE MOSS,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


PER CURIAM


 Kevin Wayne Moss appeals his conviction for aggravated assault. Appellant's counsel filed
a brief asserting compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d
493 (1967) and Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). Appellant filed a pro
se brief. We dismiss Appellant's appeal.


Background

 Appellant was charged by indictment with aggravated assault. The grand jury further alleged
that Appellant used a deadly weapon in the assault. Prior to trial, the State gave notice pursuant to
Brooks v. State, 957 S.W.2d 30 (Tex. Crim. App. 1997), that it intended to seek a greater
punishment based on Appellant's having been twice before convicted of unrelated felony offenses. (1) 
The jury found Appellant guilty of aggravated assault and found that he used a deadly weapon in the
commission of the offense. Appellant pleaded true to the sentencing enhancement, and the jury
assessed punishment at life imprisonment. (2) This appeal followed.


Analysis Pursuant to Anders v. California


 Appellant's counsel has filed a brief in compliance with Anders and Gainous. Counsel states
that he has diligently reviewed the appellate record and that he is well acquainted with the facts of
this case. In compliance with Anders, Gainous, and High v. State, 573 S.W.2d 807 (Tex. Crim.
App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of
the case and further states that counsel is unable to present any arguable issues for appeal.

 Appellant argues in his pro se brief that the trial court erred by not allowing him to explore
evidence that, while on the way to the hospital, the victim said he was shot by a person named
"D-Lacy" or "D-Love." The victim testified that he knew of a person named "Dee Lacy," and it
appears from the record that Dee Lacy and Appellant are not the same person. We have considered
the briefing and have conducted our own independent review of the record. See Anders, 386 U.S.
at 745, 87 S. Ct. at 1400; see also Penson v. Ohio, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed.
2d 300 (1988). We have found no reversible error. (3) See Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005).

Conclusion

 As required, Appellant's counsel has moved for leave to withdraw. See In re Schulman, 252
S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly
frivolous. Accordingly, his motion for leave to withdraw is hereby granted, and we dismiss this
appeal. See In re Schulman, 252 S.W.3d at 408-09 ("After the completion of these four steps, the
court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to
withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for
appeal.").

 Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion
and judgment to Appellant and advise him of his right to file a petition for discretionary review. See 
Tex. R. App. P. 48.4; In re Schulman, 252 S.W.3d at 411 n.35. Should Appellant wish to seek
further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney
to file a petition for discretionary review or he must file a pro se petition for discretionary review.
See In re Schulman, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely motion for rehearing that was
overruled by this court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed
with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with
the rest of the filings in this case. See Tex. R. App. P. 68.3. Any petition for discretionary review
should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. See 
Tex. R. App. P. 68.4; In re Schulman, 252 S.W.3d at 408 n.22.


Opinion delivered May 13, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.








 

(DO NOT PUBLISH)
1. The record reflects that the State filed a notice of intent to seek a sentencing enhancement and then filed
an amended notice of intent. The record before us contains two copies of the amended notice of intent and does not
contain a copy of the first notice. Appellant pleaded true to the amended notice.
2. Aggravated assault of a person who is not a police officer or a security guard is a second degree felony. 
Tex. Penal Code Ann. § 22.02(a) (Vernon Supp. 2008). The punishment range for a felony other than a state jail
felony is enhanced to twenty-five years to life in prison if the State alleges and proves, as here, that the person has
two prior felony convictions, that both convictions came before the commission of the instant offense, and that one
prior conviction became final before the commission of the other prior offense. Tex. Penal Code Ann. § 12.42(d)
(Vernon Supp. 2008). 
3. We note that the evidence that Appellant argues should have been allowed was admitted and that his
attorney argued to the jury that "D-Lacy" or "D-Love" was responsible for the shooting.